IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JANE DOE,<br><br>       Plaintiff,<br><br>vs.<br><br>INFLECTION RISK SOLUTIONS, LLC,<br><br>       Defendant. | Civil Action No.: 1:22-cv-01181-STA-jay<br><br>**PLAINTIFF JANE DOE'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO PROCEED IN PSEUDONYM AND FOR PROTECTIVE ORDER** |

The Plaintiff, Jane Doe, on her own behalf an on behalf of others similarly situated, has moved for leave to proceed in pseudonym and for a protective order pursuant to Fed. R. Civ. P. 26(c)(1) in order to protect the identity of the Plaintiff and where there is no less drastic means available to do so.

## INTRODUCTION

This case is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 *U.S.C.* § 1681 *et seq.*, which protects consumers from exposure of private or inaccurate facts. The FCRA acknowledges the importance of confidentiality in its description of the purpose of the Act:

> It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the ***confidentiality, accuracy, relevancy, and proper utilization of such information*** in accordance with the requirements of this subchapter.

15 *U.S.C.* § 1681(b) (emphasis added).

The FCRA itself provides that "[t]here is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 *U.S.C.* § 1681(a)(4). In order to protect consumers as fully as possible from

1

unwarranted disclosures, the FCRA provides for statutory penalties, as well as recovery of compensatory damages and punitive damages and attorney-fee-shifting provisions.

## FACTS

The very nature of the case elucidates the reason that the Plaintiff is entitled to protection and should be permitted to proceed pseudonymously. Defendant Inflection Risk Solutions, LLC ("Defendant") published a consumer report containing expunged criminal information that caused her to lose housing, among other injuries. The allegations against Defendant are based on Defendant's sale of an inaccurate and obsolete employment-purposed consumer report to Airbnb. Compl., ¶¶ 27-29. Airbnb, after reviewing a consumer report from Defendant, cancelled Plaintiff's reservation. *Id*., ¶¶ 24-26, 41. Airbnb itself described its housing decision as being based on Defendant's indication that Plaintiff's consumer report had a "Criminal Records Match." *Id*., ¶ 24. However, while Plaintiff pled guilty to felonious assault in 2006, she had since served her probationary sentence. *Id*., ¶ 30. Subsequent to filing an application to have her conviction set aside on January 23, 2015, Plaintiff's conviction was "set aside" by Order of Judge Shalina Kumar of the Michigan Circuit Court on May 6, 2015.[1] *Id*., ¶¶ 32-33. Currently, such criminal records are not in existence because they had been expunged and, as a result, Plaintiff has no criminal record.

Thus, Plaintiff is entitled to the effect of the expungement when applying for housing and as the subject of housing-purposed consumer reports. Unfortunately for the Plaintiff, the report that Defendant sold to Airbnb was used by Airbnb to deny her housing. Plaintiff has every reason to believe that if other people, including current and future landlord or rental companies, knew that

---

[1] *See* Mich. Comp. Laws Serv. § 780.621 ("A person convicted of a crime may file to set aside a conviction, provided that (1) the applicant has no more than 3 felony convictions in Michigan; (2) the applicant has no more than 2 convictions of an assaultive crime; and (3) the applicant has no more than 1 felony conviction punishable up to 10 years for the same offense the applicant is filing to set aside."). And "[u]pon the entry of an order . . . the applicant . . . is considered not to have been previously convicted." Mich. Comp. Laws § 780.622.

she had a criminal record, even an expunged record, it would harm her reputation, her financial condition, and her relationships.

In order to litigate her claims against Defendant, the parties will necessarily have to present evidence as to Plaintiff's expunged criminal conviction and arrest. Without using a pseudonym, Plaintiff's name and her expunged criminal record will become public, and she will be stripped of the protections which her expungement and the FCRA afford her. That is, without the use of a pseudonym, Plaintiff will not be permitted to avail herself of her FCRA remedies without visiting upon herself the same harm (although in a greater degree) from which the FCRA and expungement proceedings provide protection. Thus, unless Plaintiff is permitted to proceed in pseudonym, she will be prevented from vindicating her rights.

## ARGUMENT

Generally, the Federal Rules of Civil Procedure requires that a complaint state the names of the parties. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). However, courts have excused plaintiffs from identifying themselves under specific circumstances by granting a protective order. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Considerations for allowing a plaintiff to use a pseudonym include,

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy;' (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). Courts have also considered whether allowing a plaintiff to proceed under a pseudonym would force defendants to proceed with insufficient information to construct their arguments against the plaintiff. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).

Applying these factors, courts have found information of the utmost intimacy to include criminal records: "A criminal record is one that carries a very negative connotation in society which can be embarrassing and humiliating if that information becomes public." *Doe v. Ronan*, No. 1:09cv243, 2009 U.S. Dist. LEXIS 147007, at *2 (S.D. Ohio June 4, 2009). Courts also give additional consideration when the criminal record at issue has been expunged. *Id.* at *3.

Applying the relevant *Doe v. Porter* factors to this case leads to the conclusion that the public interest in favor of open judicial proceedings is far outweighed by Plaintiff's interest in keeping her identity private to protect herself from further economic and reputational harm. Because this suit arises out of Defendant's reporting of Plaintiff's expunged criminal records, it is necessary for both parties to disclose these criminal records over the course of litigation. As established earlier in this memorandum, criminal records are highly intimate documents under the second *Doe v. Porter* factor – the fact that Plaintiff's criminal records were expunged only provides additional considerations in her favor. Under Michigan law, Plaintiff is considered to have never been convicted due to the order signed by Judge Shalina Kumar. *See* Mich. Comp. Laws § 780.622 ("[u]pon the entry of an order . . . the applicant . . . is considered not to have been previously convicted"). The disclosure of Plaintiff's identity in this matter would undermine not only the purpose of the federal FCRA but also the very act of expungement, which was intended to prevent Plaintiff from suffering the harms that Defendant's reporting of inaccurate information has inflicted upon her.

Further, the public interest in knowing the identity of the Plaintiff does not extend beyond the basic public interest in keeping legal proceedings transparent, in general. There is nothing about the Plaintiff's identity or status which elevates the public interest in this case. Defendant will be able to litigate against Plaintiff fully and fairly without publicly revealing her identity, as

4

Defendant already knows her identity. On the other hand, the harm to Plaintiff in having her identity revealed is certain and severe. It includes not only social stigma, but also a strong likelihood of impairment to her housing and employment ability. Without a protective order granting Plaintiff pseudonymity, information regarding Plaintiff expunged criminal conviction would be publicly identified on the Court's docket and become freely available without restriction. That is, the precise injury litigated against (exposure of the expunged conviction to her employer) would be incurred to a much greater degree (exposure of her expunged conviction to the world) as a result of the disclosure of her identity in this lawsuit.  And certainly, unless permitted to proceed under pseudonym, Plaintiff will be subject to the "infamy associated with criminal behavior." *Doe v. Ronan*, No. 1:09cv243, 2009 U.S. Dist. LEXIS 147007, at *3 (S.D. Ohio June 4, 2009) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).

The usual public interest in open judicial proceedings is tempered by the public's conflicting interest in allowing litigants to vindicate their rights under federal law (in this instance, the FCRA) without visiting upon themselves the same injury for which they are suing. That is, an order denying permission to proceed in pseudonym in this case would have a chilling effect on any consumer's ability to vindicate her rights where an expunged conviction is improperly revealed.  An adverse decision here would thwart the public's interest in ensuring that consumers receive the protections of the FCRA and are permitted access to the judicial system to vindicate those rights. Therefore, "while the issues in this litigation present matters which may garner some public interest, that public interest can be met without the necessity of disclosure of the plaintiff's identity."  *Jones v. Oss Orthopaedic Hosp.*, 2016 U.S. Dist. LEXIS 89787 at *4.

Fed. R. Civ. P. 26(c) provides, in relevant part, that "for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or

person from annoyance, embarrassment, oppression, or undue burden or expense." Pursuant to this authority, Plaintiff seeks an order protecting her privacy and confidentiality throughout the proceedings and to avoid disclosure of her identity so as to avoid making her expunged record public. Specifically, Plaintiff asks this Court to permit her to proceed in this Court in pseudonym. In the event that Plaintiff's true identity must be revealed during these proceedings, Plaintiff requests this Court enter a protective order which would require any reference to her true identity or identifying information to be filed under seal.

Dated: August 30, 2022,                    */s/ Christopher Kim Thompson*
                                           Christopher Kim Thompson, Bar #015895
                                           **Thompson Law**
                                           4525 Harding Pike, Suite 203
                                           Nashville, TN 37205
                                           T: (615) 832-2335
                                           E: kim@thompsonslawoffice.com

                                           *Counsel for Plaintiff Jane Doe*